[Civ. No. 7742.    Fourth Dist., Div. Two.    Apr. 5, 1966.]

EDWIN J. LIPPERT et al. Plaintiffs and Appellants, v. GEORGE W. BAILEY et al., Defendants and Respondents.

378

George L. McCormick, McCormick & Mordoff and Mc-Cormick, Mordoff & Kerckhoff for Plaintiffs and Appellants.

Daniel O. Howard and Spray, Gould & Bowers for Defendants and Respondents.

McCABE, P. J.—The plaintiffs jointly appeal from a judgment entered in favor of defendants Bailey and Marcom.

On January 6, 1956, plaintiffs, E. Lippert and J. Seach, purchased an improved multiple unit property in Los Angeles County. A few days after the purchase, said plaintiffs deeded an undivided one-half interest in the property to B. & J. Lippert. On or about January 1, 1956, defendant Bailey was a licensed general insurance agent doing business under the name of Bailey and Company in the County of Orange. Bailey was an authorized agent for Fireman's Fund Insurance Company. The defendant Bailey, having previously done insurance business with the plaintiff, on or about January 1, 1956, "issued, or procured and signed as agent," a three-year Fireman's Fund Homeowners' Policy insuring the real property against named perils for $28,000 and the personal property for $11,200. The named insureds in the policy were plaintiffs, E. Lippert and J. Seach, with a loss payable clause in favor of A. Cheesman, Mortgagee. Effective January 1, 1959, defendant Marcom, a licensed insurance agent and

an agent for Fireman's Fund Insurance Company, (hereinafter called Fireman's Fund) purchased defendant Bailey's insurance agency business.

At or prior to the time the Homeowners' Insurance Policy was to expire, plaintiffs, E. Lippert and J. Seach, were advised the 1956 insurance policy in that form could not be renewed, but a new policy would be written. After conferring with said plaintiffs, a new Fireman's Fund policy was issued and countersigned by Bailey and Company. This policy was effective as of January 1, 1959, the date the prior policy expired.

On December 25, 1960, a fire on the insured premises damaged both real and personal property. After notification to Fireman's Fund, the four plaintiffs filed a claim for the loss. The company denied the claim on the ground that only the interests of E. Lippert and J. Seach, as named insured of the real property, were covered, and their personal property was covered only to the amount of $5,000. After the present action was filed, in which Fireman's Fund was named defendant, Fireman's Fund filed its offer of judgment in the amount it contended represented its liability under the policy as written, which offer was not accepted.

Plaintiffs' action named as defendants, Fireman's Fund, George Bailey, individually and doing business as Bailey and Company, and Roy Marcom, Jr. The mortgagee, having been paid in full, was not made a party to this action. In four causes of action plaintiffs seek to recover on the theory of (1) declaratory relief; (2) reformation of agreement on basis of an oral and express agreement to insure plaintiffs' real property to the extent of $30,000, personal property to the extent of $15,000, and additional living expenses up to $5,000; (3) $35,402 damages for negligence of defendants less any amount defendant Fireman's Fund paid or was obligated to pay; and (4) common count against defendant Fireman's Fund only for $35,402.

After defendants had answered separately, plaintiffs reached a settlement of $22,000 with defendant Fireman's Fund and executed a general release which expressly reserved the plaintiffs' rights against the remaining defendants. Defendant Fireman's Fund was dismissed without prejudice from the case. Thereafter, and with leave of court, the remaining defendants, Bailey and Marcom, filed an amended and supplemental answer alleging affirmative defenses of (1) contributory negligence; (2) by reason of the release of Fireman's

Fund, plaintiffs waived any rights against defendants, Bailey and Marcom; (3) estoppel; (4) that defendants, Bailey and Marcom, were released by the general release given Fireman's Fund; and (5) the general release given was an election of remedies by plaintiffs.

By a joint pretrial statement, the parties agreed certain issues, i.e., waiver, estoppel, release, election of remedies, should be tried by a court and the remaining issues of negligence, contributory negligence, proximate cause, liability of either or both defendants and amount of damage, should be tried by a jury. Additionally, defendants at the pretrial contended two issues should be tried (1) reformation, and (2) under the declaratory relief cause of action were plaintiffs entitled to have the policies declared to cover plaintiffs' fire losses. By its pretrial order, the court ordered the "preliminary issues be determined by the court, the other agreed issues to be tried by a jury, and the trial court to determine if the two issues contended for by defendants were proper issues in the case."

The trial judge determined: (1) the two issues contended for defendants were no longer issues in the case; (2) the release given by plaintiffs to Fireman's Fund had resulted in a waiver of any rights against defendants, Bailey and Marcom; (3) there was an estoppel; and (4) the general release given by plaintiffs constituted a release of defendants, Bailey and Marcom, and an election of remedies. From the judgment entered in conformity with the determinations, the plaintiffs appeal.

On this appeal, plaintiffs contend it was error for the court to find (1) the release given by plaintiffs released the remaining defendants from liability; (2) there was a waiver and an estoppel for defendants were not prejudiced by the release. Also, plaintiffs contend they were not required to proceed to judgment against Fireman's Fund.

In essence, defendants contend that plaintiffs had only one cause of action which they seek to enforce, but have stated the legal remedy for the enforcement of it in four separate counts and upon different theories and, having generally released Fireman's Fund, plaintiffs may not proceed upon any of the pleaded legal remedies. Further, the attempted reservation of rights in the general release was a nullity as to the remaining defendants. *Arguendo* defendants state the compromise or lease agreement referred specifically to the case, insurance and policy number, and compromised and settled "all claims . . . against" the Fireman's Fund. De-

fendants contend in this appeal that when plaintiffs settled their claim against Fireman's Fund, such act constituted an election of remedies and defendants were prejudiced by such release.

The plaintiffs' first contention that the release of one of several joint tortfeasors or joint obligors is not a release of the remaining defendants, under Code of Civil Procedure, section 877, and Civil Code, section 1543, respectively, is well founded, but is not in point on the issues presented. The contention presupposes that the plaintiffs have an existing remedial right against the defendants arising out of an invasion of some primary right possessed by the plaintiffs. This assumption is not warranted in the case at bar. Hence, the reservation of the right to proceed against the remaining defendants in the release given to Fireman's Fund Insurance Company was the reservation of a nonexistent right and was, therefore, a nullity.

A party's right to recover against a purported wrongdoer is contingent upon his ability to state a "cause of action" against that party. The phrase "cause of action" is subject to different meanings dependent on its usage in a given context. (*Stafford* v. *Yerge*, 129 Cal.App.2d 165, 171 [276 P.2d 649].) The usage which is required to connote the existence of a remedial right is one pertaining to an obligation or right which is sought to be enforced as opposed to a meaning connoting a legal theory of recovery. (*Ideal Hardware & Supply Co.* v. *Department of Employment*, 114 Cal. App.2d 443, 448 [250 P.2d 353].) The right or obligation constituting the cause of action does not arise, however, until some primary right of a party has been impinged upon by a wrongdoer in violation of a duty owed by the wrongdoer to that party. (*Panos* v. *Great Western Packing Co.*, 21 Cal.2d 636, 638 [134 P.2d 242]; 2 Witkin, Cal. Procedure (1954) Pleading § 11, p. 984.)

As applied to the case at bar, the plaintiffs bargained for and entered into contract of fire insurance for an adequate consideration with Fireman's Fund Insurance Company in exchange for certain guaranties of insurance protection in specified amounts. The defendants herein have failed to obtain the specified amounts of insurance protection from the company which had been bargained for. These factors would indicate a primary right of the plaintiffs in the insurance contract and a breach of duty pertaining to that right in failing to provide the bargained for coverage. The failure

to so provide constitutes an invasion of that right giving rise to a cause of action. The sole issue remaining to be resolved, consequently, is which, if any, of the defendants to the original action are liable to the plaintiffs on this cause of action.

A single cause of action may not be maintained against various defendants in separate suits as the plaintiff has suffered but one injury. Regardless of the number of legal theories which the complaint states, if there is but one injury to a primary right, only one cause of action arises.

The injury complained of by the plaintiffs is the failure to adequately insure the plaintiffs' property. Consequently, only a single cause of action may be stated.

The plaintiffs contend that "if defendants, Bailey and Marcom, were negligent in their 'primary obligation' in regard to maintaining and providing insurance coverage for plaintiffs, they were primarily liable, and if they were negligent while acting as agent for Fireman's Fund, the Company would be secondarily liable for such negligence."

While an insurance agent may be personally liable to the insured for damages which are the result of the agent's negligent failure to insure property as contracted, the agent's personal liability is dependent upon the extent of the disclosure of his agency. The rule is correctly stated in 44 Corpus Juris Secundum, Insurance, section 165, page 852: "[L]iability to the applicant or insured for acts or contracts of an insurance agent within the scope of his agency, with a full disclosure of the principal, rests on the company, . . ." This requirement was upheld in *Gibbs* v. *Home Ins. Co. of New York*, 252 App.Div. 805 [298 N.Y.S. 856]. The plaintiff sought a judgment reforming an insurance policy issued by the insurance company, and in the alternative, damages against the agent for negligently failing to provide an adequate insurance policy. The court held: "Where an agent is duly constituted and names his principal and contracts in his name and does not exceed his authority, the principal is responsible and not the agent."

This view has been adopted in California. Where the signature as agent and not as a principal appears on the face of the contract, the principal is liable and not the agent. (*Carlesimo* v. *Schwebel*, 87 Cal.App.2d 482, 487 [197 P.2d 167]; *Walker* v. *Home Indemnity Co.*, 145 Cal.App.2d 318 [302 P.2d 361]; *Greve* v. *Taft Realty Co.*, 101 Cal.App. 343 [281 P. 641]; *Armour & Co.* v. *Rosenberg & Sons Co.*, 36 Cal.App. 773 [173 P. 404].)

The action against defendants, Bailey and Marcom, is not maintainable as it appears from the plaintiffs' complaint that the defendants, Bailey and Barcom, were known to the plaintiffs to be the agents of the codefendant, Fireman's Fund. The complaint further discloses that when the policy, which is the subject of this action, was issued on January 1, 1959, the plaintiffs knew it would be issued by Fireman's Fund and contracted with that end in view.

The appellants, cognizant of this established rule, argue that the defendants were also their agents in procuring adequate insurance coverage for their property over an extended period, and that they relied upon the defendants' skill and knowledge in obtaining that coverage necessary to secure their respective interests against loss.

In the instant case the issue pertaining to the existence of a dual agency was a question to be determined by the trier of fact. (*Colpe Investment Co.* v. *Seeley & Co.,* 132 Cal.App. 16, 19 [22 P.2d 35].)

Where two or more inferences may be reasonably drawn from a given set of facts, a reviewing court is without power to substitute its deductions for those of the trial court. (*Primm* v. *Primm,* 46 Cal.2d 690, 694 [299 P.2d 231]; *Wilbur* v. *Wilbur,* 197 Cal. 1, 7 [239 P. 332].) Certainly the nature of the defendants' agency was one which manifestly the trial court considered before rendering the final judgment and impliedly determined. Accordingly, the finding of the trier of fact will not be disturbed if there is substantial evidence in the record to support that finding. (*Berniker* v. *Berniker,* 30 Cal.2d 439, 444 [182 P.2d 557]; *Gates* v. *McKinnon,* 18 Cal.2d 179, 180 [114 P.2d 576]; *Carranza* v. *Noroian,* 240 Cal.App.2d 481, 483 [49 Cal.Rptr. 629].) Even if this finding is implied in the determination of a judgment, it must be upheld if supported by any substantial evidence, regardless of the fact that the evidence is contradictory or is not supported by the preponderance of the evidence. (*Carranza* v. *Noroian, supra.*) As so often reiterated by appellate courts, the judgment is presumed to be correct and all evidence which tends to establish the correctness of this finding taken as true. (*Crogan* v. *Metz,* 47 Cal.2d 398 [303 P.2d 1029]; *Evje* v. *City Title Ins. Co.,* 120 Cal.App.2d 488 [261 P.2d 279].)

Therefore, the action against the insurance agents was improper under the circumstances because the negligent

invasion of the plaintiffs' contractual right by the agents was, by virtue of their agency relationship to Fireman's Fund, attributable to the agents' principal. A legal remedy, either ex contractu or ex delicto, could be maintained only against the principal. The release of ''all claims'' against the principal extinguished the plaintiffs' sole primary right.

Judgment affirmed.

Kerrigan, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied June 1, 1966.