134 F.3d 378
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ronald L. KNAPP; Barbara Knapp, ("Knapps"), Plaintiffs-Appellants,
v.
ALLSTATE INSURANCE COMPANY, Defendant-Appellee.
 No. 97-55540.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Jan. 6, 1998.
Decided Jan. 21, 1998.
 
 Before: LAY**, GOODWIN, and SCHROEDER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Ronald and Barbara Knapp, the holders of an Allstate landlord's insurance policy, appeal the district court's summary judgment in favor of Allstate Insurance Company and Allstate agent Jay Langlois in the Knapps' diversity action against Langlois and Allstate.
 
 
 3
 In this case, the non-diverse defendant was dismissed on summary judgment so that when final judgment was entered only a diverse defendant remained. Therefore, even if the district court's denial of the Knapps' motion to remand was improper, "no jurisdictional defect lingered through judgment in the district court." Caterpillar Inc. v. Lewis, 117 S.Ct. 467, 476 (1996). Accordingly, this court does not reverse and direct a remand to state court. See id.
 
 
 4
 Moreover, the district court's denial of the Knapps' motion to remand was not in error. Under California law, an agent acting on behalf of a disclosed principal/insurer cannot be held personally liable to the insureds for his negligence. See Lippert v. Bailey, 241 Cal.App.2d 376, 382-83 (1966); Gasnick v. State Farm Ins. Co., 825 F.Supp. 245, 249 (E.D.Cal.1992). It was undisputed that Langlois was a "captive" agent who worked exclusively for Allstate, and that Langlois was not a broker. Moreover, Mr. Knapp testified that he had no contact with Langlois prior to the earthquake. The cases cited by the Knapps do not advance their position because they involve agents who are either brokers or who have a long-term, special relationship with the insured.
 
 
 5
 The Knapps also argue that the appraisal umpire exceeded his powers in issuing an estimate based on a determination that much of the damage was preexisting, because such a determination impermissibly resolves a question of coverage. The case upon which the Knapps rely, Safeco Ins. Co. v. Sharma, 160 Cal.App.3d 1060 (1984), is inapposite because, there, the insured item was stolen, not damaged, so that appraisers improperly speculated on what property was insured. That did not occur here. Moreover, the district court's order directed the appraisers "to determine the amount of loss incurred at Plaintiffs' Newhall property as a result of the January 17, 1994 Northridge earthquake in accordance with the terms of Allstate's policy." Accordingly, the panel did not exceed its authority by appraising the value of the earthquake damage.
 
 
 6
 The Knapps' argument that they were denied a fair appraisal is also without merit. The Knapps do not cite any case suggesting that an appraisal umpire cannot conduct his own investigation or consult independent sources.
 
 
 7
 The Knapps also contend that Allstate's first estimate that the claim was less than the deductible constituted an unreasonable failure to "thoroughly investigat[e] the foundation for its denial." Egan v. Mutual of Omaha Ins. Co., 24 Cal.3d 809, 819 (1979). But, Allstate had no reason to suspect the validity of the first estimate, and therefore, there was no reason for Allstate to investigate the claim any further.
 
 
 8
 The Knapps also argue that Allstate's payment of benefits was unreasonably delayed in violation of the implied covenant of good faith and fair dealing. The Knapps' policy provided that Allstate was not obligated to pay benefits until sixty days after a final determination of the amount of loss. Because this provision is an express term of the policy, it cannot be modified by the implied covenant of good faith and fair dealing. See Racine & Laramie, Ltd. v. Department of Parks & Recreation, 11 Cal.App. 4th 1026, 1032 (1992). Allstate justified any delay in benefit payments. Accordingly, the district court did not err in dismissing the Knapps' claim for breach of the implied covenant of good faith and fair dealing.
 
 
 9
 AFFIRMED.
 
 
 
 **
 The Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3