141 F.3d 1178
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Carlos OBREGON and Lourdes Obregon, Plaintiffs-Appellants,
v.
ALLSTATE INSURANCE COMPANY, a Corporation; and John L.
Salyers, an individual, Defendants-Appellees.
 No. 96-56649.
D.C. No. CV-95-2539-RBN.
 United States Court of Appeals,
Ninth Circuit.
 .
Argued and Submitted Dec. 3, 1997.
Decided Mar. 19, 1998.
 
 1
 Appeal from the United States District Court for the Central District of California Robert N. Block, Judge, Presiding.
 
 
 2
 Before SCHROEDER and KOZINSKI, Circuit Judges, and WHYTE,** District Judge.
 
 
 3
 MEMORANDUM*
 
 
 4
 Carlos and Lourdes Obregon, the holders of an Allstate homeowners' insurance policy, appeal the judgment entered after the district court granted partial summary judgment in favor of Allstate agent John L. Salyers and found in favor of Allstate Insurance Company following a bench trial. The Obregons claim that the district court erred in not remanding the case to state court because Salyers was a non-diverse party. Therefore, they claim that the district court lacked subject matter jurisdiction and consequently its judgment must be reversed with direction to the district court to remand the action to state court.
 
 
 5
 The judgment of the district court must stand since diversity of citizenship existed when final judgment was entered. Caterpillar Inc. v. Lewis, 519 U.S. 61, ----, 117 S.Ct. 467, 471, 136 L.Ed.2d 437 (1996). Here, the district court denied remand and subsequently dismissed the non-diverse defendant on summary judgment before the bench trial. Thus, even if the district court's denial of remand was improper, no jurisdictional defect remained at the entry of final judgment. Caterpillar, 519 U.S. at ----, 117 S.Ct. at 477.[1]
 
 
 6
 The Obregons distinguish Caterpillar, reasoning that the Obregons contested the dismissal of the non-diverse defendant. The Obregons point out that in Caterpillar a settlement between the plaintiff and the non-diverse defendant led to the dismissal of the non-diverse defendant. The Obregons also assert that the district court was without jurisdiction when it dismissed the non-diverse defendant. Caterpillar does not appear, however, to be limited to cases in which the non-diverse defendant has been voluntarily dismissed prior to final judgment.
 
 
 7
 The trial court properly granted summary judgment in favor of Salyers. Under California law, an agent acting on behalf of a fully disclosed insurer principal cannot be held personally liable to the insureds for his negligence. See Lippert v. Bailey, 241 Cal.App.2d 376, 382-83, 50 Cal.Rptr. 478 (1966); Gasnik v. State Farm Ins. Co., 825 F.Supp. 245, 249 (E.D.Cal.1992).
 
 
 8
 The Obregons attempt to limit Lippert and Gasnik to their facts. They argue that the two cases only stand for the proposition that an insurance agent may not be held personally liable for failing to procure desired insurance coverage for an insured and do not apply to the instant case since Salyers allegedly misrepresented that the Obregons had earthquake coverage and would continue to enjoy such coverage as long as they paid an outstanding premium by a certain date. However, we do not find the Obregons' attempt to limit Lippert and Gasnik persuasive.
 
 
 9
 The Obregons also contend that after the motion to remand was denied, Allstate argued that Salyers' alleged misrepresentations as to the existence of coverage were beyond the scope of his authority and not attributable to Allstate. ER 8: 41-42. However, the cited passage indicates that Allstate merely argued that Salyers' alleged misrepresentations could not modify the terms of the underlying insurance contract. Allstate did not argue that it could not be held vicariously liable for Salyers' negligence.
 
 
 10
 The Obregons further contend that a question of fact remains as to whether Salyers is liable under a "dual agent" theory. Under California law, an insurance agent may be an agent for both the insurer and the insured. See Troost v. Estate of DeBoer, 155 Cal.App.3d 289, 299, 202 Cal.Rptr. 47 (1984); Maloney v. Rhode Island Insurance Co., 115 Cal.App.2d 238, 244, 251 P.2d 1027 (1953); Lippert, 241 Cal.App.2d at 383, 50 Cal.Rptr. 478. However, plaintiffs' "dual agent" theory requires that the insurance agent act on behalf of the insured in some manner beyond his capacity as an agent for the insurer. An insurance agent is not a "dual agent" unless he is either an independent broker or has a long-term, special relationship with the insured. See Maloney, 115 Cal.App.2d at 239, 244, 251 P.2d 1027 (1953)(independent broker may be agent of both insurer and insured); Kurtz, Richardson, Wilson & Co. v. Insurance Communicators Marketing Corp., 12 Cal.App.4th 1249, 1255, 1257-58, 16 Cal.Rptr.2d 259 (1993)(dual agency relationship found where independent broker was contacted by plaintiff in order to procure insurance coverage).
 
 
 11
 Although the issue of agency is ordinarily a question of fact, the determination becomes a question of law when the facts are undisputed. Troost, 155 Cal.App.3d at 299, 202 Cal.Rptr. 47; Magnecomp Corp. v.. Athene Co., 209 Cal.App.3d 526, 536, 257 Cal.Rptr. 278 (1989). Here, the trial court appropriately resolved Salyers' liability on summary judgment. Although the Obregons allege that Salyers was acting as their agent, no evidence supports this allegation. It is undisputed that Salyers was an exclusive or "captive agent" of Allstate. No evidence of record suggests that Salyers acted as the Obregons' broker or that Salyers had a long term, special relationship with the Obregons.
 
 
 12
 AFFIRMED.
 
 
 
 **
 Honorable Ronald M. Whyte, United States District Judge for the Northern District of California, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 After the claim against Salyers was dismissed on summary judgment, the Obregons proceeded to trial against Allstate based upon Salyers' alleged misrepresentations. The court found that Salyers did not make any false representations to, or conceal any facts from, the Obregons