Judith ICASIANO, Plaintiff,

v.

ALLSTATE INSURANCE CO. and Tana Golden, Defendants.

No. Civ. 00–20285SW.

United States District Court,
N.D. California.

June 23, 2000.

Jovita P. Tamor, Mark S. Collins, Collins & Schlothauer, San Jose, CA, for plaintiff.

Michael A. Barnes, Sonia Renee Martin, Sonnenschein Nath & Rosenthal, San Francisco, CA, for defendants.

## ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS

SPENCER WILLIAMS, District Judge.

Defendants Allstate Insurance Company ("Allstate") and Tana Golden ("Golden") move to dismiss the Complaint. The matter has been fully briefed, and hearings were held on May 24, 2000 and June 19, 2000.[1] Having considered the contents of the Complaint and the arguments set forth by the parties, the Court now rules as follows.[2]

### I. BACKGROUND

This action arises from an April 6, 1999 freeway accident involving five automobiles, including one driven by Plaintiff Judith Icasiano. The crash caused bodily injury to several victims and the death of Ruben Blass Vasquez. Plaintiff was criminally charged with vehicular manslaughter for the death of Mr. Vasquez.

At the time of the incident, Plaintiff held an insurance policy with Allstate, number 0674901690504 ("the Policy"). The Policy provides a limit of $25,000 per person for bodily injury, $25,000 for property damage per occurrence, and a limit of $50,000 per occurrence. The Policy also provides as follows:

> We will defend an insured person sued for damages which are covered by this policy even if the suit is groundless or false. We will choose the counsel. We may settle any claim or suit if we believe

it is proper. We will not defend an insured person sued for damages which are not covered by the policy.

Policy at page 3 (Decl. of Glen Davis, Ex. A). The complaint alleges the existence of several third-party "claims" that exceed the amount of the policy. The Complaint does not allege that any third-party civil lawsuits have been filed against Plaintiff. Allstate is allegedly willing to defend Plaintiff in any civil suit, and to tender its indemnity limits.

Plaintiff alleges that Allstate has refused to provide a prompt and adequate investigation and defense of the claims. She alleges that "contrary to plaintiff's reasonable expectations, plaintiff is, and has been, provided only a token defense and investigation, which is actually prejudicing plaintiff and is leaving upon plaintiff's shoulders the full burden of adequate investigation and defense in order to protect herself from exposure to any excess judgment." Complaint ¶ 11. Plaintiff complains that Allstate failed promptly to provide counsel, failed promptly to provide an investigator, restricted the investigator's activities to reduce costs, failed promptly to provide an accident reconstruction report, failed to cooperate with the insured, failed to keep abreast of the investigation, misrepresented to the insured pertinent facts regarding policy provisions, failed to act reasonably promptly upon communication of the third-party claim, failed to adopt reasonable standards for the prompt investigation of claims, did not attempt to effectuate a fair settlement, and failed to provide a reasonable explanation for its denial of Plaintiff's request for an adequate defense. *Id.* at ¶ 14.

The Complaint also names as a defendant Allstate employee Golden. The Complaint alleges that Golden "knowingly and willfully conspired with defendant Allstate to defraud Plaintiff." *Id.* at ¶ 20. In May

---

1. At the first hearing, the possibilities of remanding the action to state court were discussed. At the second hearing, the parties argued the merits of the motions.

2. The Court issued a tentative ruling on May 24, 2000, indicating the Court's inclination to dismiss the Complaint with leave to amend.

1999, Golden allegedly reaffirmed Allstate's promises to defend any action against Plaintiff alleging injury or property damage and seeking damages which are payable under the terms of the Policy. *Id.* Golden allegedly "knew that an adjuster who desires promotions and advances within the company could only obtain them by entering into the conspiracy with defendant Allstate to defraud plaintiff and cut defense costs in spite of plaintiff's excess and criminal exposure." *Id.* at 11:5–9. At oral argument, Plaintiff stressed that Golden's statements lulled Plaintiff into a false sense of security and therefore Plaintiff did not hire an investigator or undertake her own investigation of the accident in order to protect herself from ensuing claims.

The Complaint alleges four causes of action:

(1) Tortious Breach of the Implied Covenant of Good Faith and Fair Dealing (against Allstate);

(2) Promissory Fraud and Conspiracy to Defraud (against Allstate and Golden);

(3) Negligent Misrepresentation and Conspiracy (against Allstate and Golden); and

(4) Breach of Contract (against Allstate).

Plaintiff filed her Complaint on February 10, 2000 in the Superior Court of the State of California for the County of Santa Clara, case number CV 787750. On March 13, 2000, Allstate removed this action to federal court, on the basis of diversity jurisdiction. In the Notice of Removal, Allstate contends that Golden, a non-diverse defendant,[3] was fraudulently joined as a defendant in order to defeat diversity.

## II. LEGAL STANDARD

A complaint should only be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure where it appears beyond doubt that no set of facts could support the plaintiff's claim for relief. *See Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Durning v. First Boston Corp.,* 815 F.2d 1265, 1267

(9th Cir.1987). A complaint may be dismissed as a matter of law for two reasons: (1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable theory. *See Robertson v. Dean Witter Reynolds, Inc.,* 749 F.2d 530, 533–34 (9th Cir. 1984). In reviewing a motion under Rule 12(b)(6), all allegations of material fact are taken as true and must be construed in the light most favorable to the non-moving party. *See Durning,* 815 F.2d at 1267.

## III. DISCUSSION

### A. Tana Golden's Motion to Dismiss

Plaintiff alleges that Allstate entered into a conspiracy with Golden, and that Golden made representations having no intention of fulfilling them. Golden asserts that Plaintiff's causes of action lie against Allstate, not her, and that she was fraudulently joined as a defendant in order to defeat diversity jurisdiction. A defendant may remove a case with a non-diverse defendant on the basis of diversity jurisdiction and seek to persuade the district court that the defendant was fraudulently joined. *See McCabe v. General Foods Corp.,* 811 F.2d 1336, 1339 (9th Cir.1987); *Good v. Prudential Ins. Co. of America,* 5 F.Supp.2d 804, 806–07 (N.D.Cal.1998). "If a plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." *McCabe,* 811 F.2d at 1339 (citing Moore's Federal Practice ¶ 0.161[2] (1986)). Removal to federal court will be sustained if a defendant demonstrates there is no possibility that the plaintiff will be able to state a cause of action against the non-diverse defendant. *See id.*

An agent of an insurance company is generally immune from suits brought by claimants for actions taken while the agent was acting within the scope of its agency. *See Lippert v. Bailey,* 241 Cal. App.2d 376, 382, 50 Cal.Rptr. 478 (1966); *Gasnik v. State Farm Ins. Co.,* 825

---

**3.** Both Plaintiff and Golden are California residents.

F.Supp. 245, 249 (E.D.Cal.1992); *Good,* 5 F.Supp.2d at 807. In such cases, the cause of action lies against the insurance company and not its agent. *See Lippert,* 241 Cal.App.2d at 383–84, 50 Cal.Rptr. 478. This rule has been applied to claims for fraud. *See Shepard v.Massachusetts Casualty Insurance Company,* 2000 WL 101246, *2–3 (N.D.Cal. Jan.26, 2000) (citing *Campbell v. Allstate Ins. Companies,* 1995 WL 376926 (C.D.Cal.1995)). An agent cannot be held liable for a conspiracy to violate a duty peculiar to the insurance company. *See id.* (citing *Cooper v. Equity General Ins. Co.,* 219 Cal.App.3d 1252, 1259, 268 Cal.Rptr. 692 (1990)). As long as the duty is owed by the insurance company only, and regardless of whether it derives from contract or tort, the insurance company's agents cannot be held liable for conspiring to violate that duty. *See id.; Doctors' Co. v. Superior Court of Los Angeles County,* 49 Cal.3d 39, 46, 260 Cal. Rptr. 183, 775 P.2d 508 (1989).

■ Plaintiff argues that her claims against Golden fall into an exception to this general rule. Plaintiff relies on the cases of *Younan v. Equifax, Inc.,* 111 Cal. App.3d 498, 169 Cal.Rptr. 478 (1980), and Judge Conti's decision in *Shepard* for the proposition that an insured can state a cause of action against an employee of an insurer where the insured pleads that the employee committed actual fraud. Plaintiff reads the cases too broadly. *Younan* involved allegations that the defendant insurer, American Home Assurance Company hired and employed defendant Equifax Inc. to select and induce a local doctor to examine the plaintiff and prepare a medical report which would falsify the plaintiff's condition. *Younan,* 111 Cal.App.3d at 512, 169 Cal.Rptr. 478. The plaintiff alleged that American Home Assurance

Company retained Equifax knowing that Equifax worked with doctors who would participate in the scheme to prepare false medical reports. *Id.*[4] As such, *Younan* involved allegations that two separate entities involved in the insurance business conspired together to defraud the plaintiff, and did *not* involve accusations that an employee of an insurance company conspired with the insurance company to defraud an insured. There is nothing in *Younan* to indicate that employees of insurers, engaged in the process of administering a claim can be held independently liable to an insured under a tort or contract theory. Plaintiff has not pointed to a case similar to the present one where a court allowed a claim against an insurance agent acting solely as the representative of the insurer in the course of handling a claim. An employee acting solely as the representative of the insurer cannot be held liable for a conspiracy to violate a duty peculiar to the insurance company. *See Cooper,* 219 Cal.App.3d at 1259, 268 Cal.Rptr. 692. Here, the insurance company, not Golden herself, had the duty to administer Plaintiff's claim and the duty to defend Plaintiff in the event of a lawsuit.

Plaintiff has failed to state a claim against Golden. Golden's motion to dismiss is GRANTED. Because "allegations of other facts consistent with the challenged pleading could not possibly cure the defect," *Schreiber Dist. v. Serv–Well–Furniture Co.,* 806 F.2d 1393, 1401 (9th Cir. 1986), the motion to dismiss is granted without leave to amend.[5]

### B. Allstate's Motion to Dismiss

#### 1. Contract and Bad Faith Claims

■ ■ Pursuant to the express terms of the standard Policy issued to Plaintiff, All-

---

**4.** The allegations in *Shepard* are similar to those in *Younan v. Equifax, Inc.,* 111 Cal. App.3d 498, 169 Cal.Rptr. 478 (1980), and involved an alleged conspiracy between an entity that selected independent medical examiners and an entity that coordinates independent medical examinations. *See Shepard v. Massachusetts Casualty Insurance Company,* 2000 WL 101246, **1, 4 (N.D.Cal. Jan.26,

2000). The court followed the holding of *Younan* to find that the plaintiff could state a cause of action for conspiracy to defraud. *Id.* at *4.

**5.** This ruling supercedes any inconsistent ruling delivered from the bench at the June 19, 2000 hearing.

state owes a duty to defend Plaintiff against "suits," not claims. Plaintiff concedes that she does not allege that Allstate owes a duty to defend in any other proceedings not amounting to a civil suit. She states that she is suing because Allstate failed to undertake a defense of the third-party claims and investigation of the accident prior to the tender of the third-party claims. However, the insurer's obligation to defend and investigate is not triggered until Plaintiff tenders the defense of a third party lawsuit to the insurer. *See Foster–Gardner, Inc. v. National Union Fire Ins. Co. of Pittsburgh, PA,* 18 Cal.4th 857, 879, 77 Cal.Rptr.2d 107, 959 P.2d 265 (1998). The Court agrees with Allstate that Plaintiff's reliance on *Stein v. International Ins. Co.,* 217 Cal.App.3d 609, 266 Cal.Rptr. 72 (1990) for the proposition that Allstate owes a duty to investigate and defend "claims" is misplaced. Unlike the present Allstate Policy, the policy language in *Stein* provided coverage for expenses "resulting from the investigation, adjustment defense and appeal of a *claim,* suit or proceeding." *Stein,* 217 Cal.App.3d at 613 n. 2, 266 Cal.Rptr. 72 (emphasis added). The insurer's duties to indemnify and to defend are separate obligations. Allstate apparently satisfied its duty to indemnify by offering to pay the policy limits ($50,000). In the absence of the tender of a third-party lawsuit, Allstate's duty to indemnify Plaintiff did not somehow trigger a pre-tender duty to defend Plaintiff.

 Finally, Plaintiff has failed to allege the existence of actual damages. She seeks damages not only for the costs of hiring an attorney to enforce her alleged rights under the Policy, but also for "the amount of benefits due under the policy, the amount expended to secure and adequate investigation and defense, the amount of liability incurred in the third party claims, excess judgment, and consequential damages, in an amount to be ascertained." Complaint ¶ 38. Assuming that Plaintiff can amend her Complaint to allege that Allstate has failed to provide an adequate post-tender defense and investi-

gation, these damages are speculative: no judgment in excess of the policy's limits has been entered against Plaintiff. *See Safeco Ins. Co. v. Superior Court,* 71 Cal. App.4th 782, 789, 84 Cal.Rptr.2d 43 (1999).

Plaintiff has failed to state a claim for breach of contract, and because Plaintiff does not have a claim for breach of contract, she necessarily cannot allege a claim for breach of the good-faith covenant.

Plaintiff will be granted leave to amend her contract and bad-faith claims if she can (1) allege the existence of a breach of a contractual duty and (2) allege the existence of actual damages. As an alternative, Plaintiff may voluntarily dismiss the contract and bad-faith claims, and re-file this lawsuit upon completion of the third-party lawsuits.

## 2. Fraud and Misrepresentation Claims

██ As for the fraud claim, the Complaint is devoid of any allegation that Golden or Allstate promised Plaintiff it would undertake a thorough investigation of the vehicle crash prior to the tender of the defense of any third-party lawsuits. The Complaint merely alleges that Golden represented she and Allstate "were doing everything they could to fulfill Allstate's obligations under the policy." Complaint ¶ 20. Because Allstate's obligations under the policy did not include a pre-tender defense of "claims," Plaintiff could not as a matter of law have reasonably relied on Allstate's representations in deciding to forego hiring her own private investigator and accident reconstructionist.

██ Moreover, Allstate is correct that the Complaint fails to plead fraud with the specificity required under Rule 9(b). Plaintiff must allege specific facts contemporaneous to her purchase of the policy which, if true, would establish Allstate then had no intent to perform. Plaintiff's nebulous, retrospective allegation that Allstate never had any intention of performing its contractual obligations is insuffi-

cient under federal law. The fraud and misrepresentation claims against Allstate are dismissed, with leave to amend.

### 3. Conspiracy Claims

 For the reasons set forth in Part III(A), above, the "conspiracy to defraud" claim is DISMISSED with prejudice. Furthermore, because an employer cannot "conspire" with its employee as a matter of law, *see Black v. Bank of America N.T. & S.A.,* 30 Cal.App.4th 1, 6, 35 Cal.Rptr.2d 725 (1994), the "conspiracy" claim set forth in the third cause of action must be dismissed.

### IV. CONCLUSION

(1) Defendant Tana Golden's Motion to Dismiss is GRANTED, without leave to amend.

(2) Defendant Allstate's Motion to Dismiss is GRANTED, with leave to amend. Any amended complaint shall be filed no later than July 19, 2000. As an alternative, Plaintiff may voluntarily dismiss this action and re-file following the conclusion of the underlying civil lawsuits.

(3) Plaintiff's Motion to Remand is DENIED.