**Corazon THORNTON, Plaintiff,**

v.

**NEW YORK LIFE INSURANCE COMPANY, the Paul Revere Insurance Company, Unumprovident, David R. Walsh, and Does 1–20, Defendants.**

**No. C–02–3360 SC.**

United States District Court,
N.D. California.

Dec. 10, 2002.

Alice J. Wolfson, Bourhis, Wolfson & Schlichtmann, David M. Lilienstein, Bourhis & Wolfson, Ray Bourhis, Bourhis, Wolfson & Schlichtmann, San Francisco, CA, for plaintiff.

Jeffrey R. Cluett, Kelly Herlihy & Klein LLP, Sean P. Nalty, Kelly, Herlihy & Klein LLP, Thomas M. Herlihy, Kelly Herlihy & Klein, San Francisco, CA, for defendants.

## ORDER GRANTING PLAINTIFF'S MOTION TO AMEND AND REMANDING CASE TO STATE COURT

CONTI, District Judge.

### I. INTRODUCTION

This case involves an insurance coverage dispute between plaintiff Corazon Thornton and the defendant insurance companies and a related dispute between Thornton and David Walsh, the agent from whom she bought her policies. Plaintiff originally brought her claims in state court. The insurance companies removed this action to federal court, arguing that Walsh was a sham defendant whose presence did not destroy the Court's diversity jurisdiction. Finding that Plaintiff had failed to state any claim against Walsh, the Court agreed with Defendants and denied Plaintiff's motion to remand. Plaintiff now seeks leave to amend her complaint, adding more substance to her allegations against Walsh, and, should leave be granted, again asks the Court to remand the case. For the following reasons, the Court grants leave to amend and does remand the case to state court.[1]

### II. BACKGROUND

Plaintiff filed suit in San Francisco County Superior Court against New York Life Insurance Company, The Paul Revere Life Insurance Company, Unumprovident, David R. Walsh, and Does 1–20 (collectively "Defendants"). *Thornton v. New York Life Insurance Company et al.*, Case No. 408244. In her complaint, Plaintiff set forth four state law causes of action against Does 1–10 and the insurance company defendants and an additional two state law causes of action against Walsh and Does 11–20.

Plaintiff's legal claims are all related to the insurance company defendants' denial of her claim for disability insurance coverage.

---

1. Defendant Walsh has moved for judgment on the pleadings. His motion correctly states that the Court could not grant Plaintiff's motion to amend without finding that Plaintiff has stated a claim against Walsh. Accordingly, Walsh acknowledges that if Plaintiff's motion is granted, his motion must be denied. Since the Court is granting Plaintiff's motion, Walsh's motion is denied.

Plaintiff alleges that in January 2001, she injured her back and became unable to do her job. She subsequently filed a claim for benefits under her insurance policy. The insurance company defendants denied this claim.

Defendant Walsh was the agent who sold plaintiff the insurance policies. In both complaints, Plaintiff claims that Walsh breached an oral contract and engaged in both negligent and intentional misrepresentation in association with the sale of those policies.

On July 12, 2002, the insurance company defendants filed a notice of removal, pursuant to which Plaintiff's state action was removed to this court. Defendant Walsh did not join in the removal action. In their notice of removal, the insurance company defendants argued that Walsh was a sham defendant and·that this court had diversity jurisdiction in spite of Walsh's California citizenship.

On August 6, 2002, Plaintiff filed a notice of her motion to remand the case to state court. On September 9, the Court denied this motion. It found that Plaintiff failed to allege the existence of a contract between her and Walsh, and thus that her breach of contract claim could not prevail. In addition, while finding that Plaintiff stated the elements of a negligent misrepresentation claim, the Court concluded that her claim was precluded by *Lippert v. Bailey,* 241 Cal.App.2d 376, 50 Cal.Rptr. 478 (1966), and related cases that made an insurance company, not its agent, liable for the agent's misrepresentations. Accordingly, the Court concluded that Walsh was a sham defendant and that his presence could be disregarded for purposes of determining jurisdiction.

On October 16, Plaintiff filed a motion to amend her complaint. She seeks to add several allegations providing more specific information about the nature of her relationship with Walsh and the exact representations made by Walsh to her concerning the scope of her coverage. These additional allegations, she argues, establish that her claims fall within the exceptions to the *Lippert* rule, meaning that she now has stated a claim against Walsh and he no longer is a sham defendant. Plaintiff also argues that if the amendments are accepted, the case now should be remanded to state court.

## III. *LEGAL STANDARD*

■ The heart of this dispute concerns the applicable legal standard. Plaintiff argues that Federal Rule of Civil Procedure 15(a), with its permissive standard for amendments to complaints, applies. Defendants contend that since Plaintiff's amendment would destroy diversity, the applicable rule is supplied by 28 U.S.C. § 1447(e), which creates a somewhat more restrictive standard for joining new parties if their joinder will destroy the court's diversity jurisdiction.

Section 1447(e) states that "if after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." Cases applying § 1447(e) generally involve post-removal attempts to join new defendants. *E.g. Newcombe v. Adolf Coors Co.,* 157 F.3d 686, 691 (9th Cir.1998); *Clinco v. Roberts,* 41 F.Supp.2d 1080 (C.D.Cal.1999); *IBC Aviation Services, Inc. v. Compania Mexicana,* 125 F.Supp.2d 1008 (N.D.Cal.2000). Neither the Court nor the parties have found any case in which a plaintiff seeks, by providing more substantial allegations, to turn a fraudulently joined non-diverse party into a legitimate defendant.

Defendants argue that this is the equivalent of adding a new defendant. There is some basis for this view. A court may disregard a sham defendant when assessing diversity. Moreover, language of past cases suggests that § 1447(e) applies when any amendment to the complaint would destroy a federal court's diversity jurisdiction. *E.g. IBC Aviation Services,* 125 F.Supp.2d at 1011 ("courts use the factors recently listed in *Palestini* (*Palestini v. General Dynamics Corporation,* 193 F.R.D. 654, 658 (S.D.Cal. 2000)) to scrutinize amendment more closely when the amendment will defeat diversity jurisdiction").

Nevertheless, the plain language of the statute indicates that it does not apply. Walsh simply is not an "additional defen-

dant." Plaintiff named him at the outset of this action and has endeavored throughout the case to make him a party. This is not, as in other cases involving § 1447(e), a situation in which a plaintiff seeks to add a completely new party following removal. Instead, Plaintiff merely seeks to revise her pleading to add allegations substantiating already-made claims against an already-named party to the action. To prevent Plaintiff from doing this would effectively deny her the ability to revise her allegations—an opportunity the federal rules favor liberally granting—based upon a statutory rule intended to limit the introduction of new parties. *See Conley v. Gibson,* 355 U.S. 41, 48, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)("The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits."). Thus, the Court determines that Rule 15(a), not 28 U.S.C. § 1447(e), supplies the appropriate standard for this action.

■ Rule 15(a) states that a court has discretion to allow a party to amend its pleading at any time, and that permission to amend should be "freely given when justice so requires." Permission is to be granted with "extreme liberality," and may be denied only upon grounds of undue delay, prejudice, bad faith, or futility. *Morongo Band of Mission Indians v. Rose,* 893 F.2d 1074, 1079 (9th Cir.1990); *DCD Programs, Ltd. v. Leighton,* 833 F.2d 183, 186 (9th Cir.1987).

## IV. DISCUSSION

■ Plaintiff's request for leave to amend meets the liberal standard of Rule 15(a). None of the four factors potentially providing a reason for denying leave to amend applies.

Three of the four factors are clearly inapplicable. First, the request is not unduly delayed. Plaintiff made the request promptly following the Court's determination that her first complaint was insufficient. Second, the request does not appear to have been made in bad faith. Although the request may be motivated by jurisdiction-shopping, such shopping is standard practice and, unless coupled with a frivolous claim or some

other evidence of wrongful intent, does not indicate bad faith. Third, the opposing parties, who have known all along that Plaintiff seeks to bring these claims, will not be unduly prejudiced.

Additionally, although this is a closer issue, the proposed revision is not futile. Defendants argue that the amended complaint still states no claim against Walsh. The Court disagrees.

To state a claim for misrepresentation against an insurance agent, a plaintiff must show that the claim falls within one of the exceptions to *Lippert's* prohibition on liability. Specifically, the plaintiff must either show that the agent entered into an express agreement to provide specific coverage, engaged in specific misrepresentations regarding the scope of coverage, or assumed a dual agency role. *Sun v. Equitable Life Assurance Soc. of the U.S.,* 2001 WL 764486, *2 (N.D.Cal.2001) (quoting *Paper Savers, Inc. v. Nacsa,* 51 Cal.App.4th 1090, 1097, 59 Cal. Rptr.2d 547 (1996)); *Smith v. New England Mutual Life Ins. Co.,* 1998 WL 775124, *1–2 (N.D.Cal.1998). Plaintiff seeks, by amending the complaint, to suggest that Walsh made specific misrepresentations regarding the scope of coverage and that Walsh assumed a dual agency role.

The revisions do nothing to bolster the former contention. To qualify for the specific misrepresentation exception, the statement must be a specific, factual representation about policy terms—for example, an assurance that coverage will extend to the age of 65 when in fact it will expire at age 55. See *Sun,* 2001 WL 764486. This is quite different from an assurance that the insurance company will faithfully fulfill its obligations under the policy. Plaintiff's amended complaint, like the original complaint, makes only the latter type of general allegation, and thus does not qualify for this exception.

Plaintiff has, however, alleged significant additional facts concerning her relationship with Walsh, and these additional allegations, if true, might establish the existence of a dual agency relationship. First, Plaintiff has asserted that Walsh was an independent broker who sold policies of several companies.

Second, Plaintiff alleged that she had a long-term professional relationship with Walsh, and that at times that relationship, through breakfast meetings and out-of-work conversations, may have extended far enough beyond mere professional interaction for Plaintiff to reasonably infer that Walsh would seek to act for her benefit. In combination, these allegations suggest that Plaintiff and Walsh may have understood that he would endeavor to select insurance that met her needs, and thus that he was acting as her agent as well as on behalf of the companies he represented.

Thus, construing both the facts and the uncertainties in California law in the manner most favorable to the Plaintiff, this Court does not find that her motion to amend is futile. Plaintiff's request to amend her complaint is granted. As amended, the complaint states a claim against a non-diverse defendant, destroying this court's diversity jurisdiction and requiring remand to state court.

### V. *CONCLUSION*

Plaintiff's motion for leave to amend her complaint is granted, and this case is remanded to the Superior Court of San Francisco County.

IT IS SO ORDERED.