Celia **CHARLIN**, Plaintiff,

v.

**ALLSTATE INSURANCE CO.; Donoyan Insurance Agency; Does 1 to 20, inclusive, Defendants.**

**No. CV 98–3451 ABC (AJUx).**

United States District Court, C.D. California.

July 15, 1998.

---

**ORDER RE: MOTION TO REMAND**

COLLINS, District Judge.

Plaintiff's motion for remand was submitted for decision on May 28, 1998. After reviewing the materials submitted by the parties and the case file, it is hereby ORDERED that Plaintiff's motion to remand is DENIED.

## I. Factual and Procedural Background

Plaintiff makes the following allegations relevant to the instant Motion to Remand:

Celia Charlin ("Plaintiff") was the named insured under an automobile policy issued by Allstate Insurance Company ("Defendant") through Donoyan Insurance Agency ("Donoyan"). Complaint ¶ 6. Plaintiff never signed a waiver of uninsured motorist ("UM") coverage. Complaint ¶ 6. On May 11, 1997, Plaintiff was involved in an accident with an uninsured motorist. Complaint ¶ 8. Defendant subsequently denied Plaintiff's claims for UM benefits under the Allstate policy. Complaint ¶ 10.

On March 27, 1998, Plaintiff commenced this action against Defendant and Donoyan in Los Angeles County Superior Court. On May 5, 1998, Defendant and Donoyan removed the case to federal court. On May 15, 1998, the Court issued an Order to Show Cause ("OSC"), in part, to determine whether Plaintiff fraudulently joined Donoyan as a defendant. In response to the OSC, Plaintiff filed her Motion to Remand on May 28, 1998. Plaintiff contends that the Court should remand this action because no diversity jurisdiction exists. Defendant and Donoyan filed their Opposition on June 10, 1998. They contend that diversity jurisdiction does exist. Defendants specifically contend that Plaintiff "has not stated a valid cause of action against Donoyan" and that Donoyan is a "sham defendant that has been fraudulently joined." Opp. at 2.

## II. Discussion

### 1. Standard: Fraudulent Joinder [1]

■ A defendant may remove a civil action on the basis of diversity jurisdiction

Johnna J. Hansen, Booth & Koskoff, Torrance, CA, for Plaintiff.

Peter H. Klee, Thomas D. Bunton, Luce, Forward, Hamilton & Scripps, San Diego, CA, for Defendants.

---

1. "Fraudulent joinder is a term of art." *McCabe v. General Foods Corp.,* 811 F.2d 1336, 1339 (9th Cir.1987). The use of the term is not intended to impugn the integrity of plaintiff or counsel. *See Lewis v. Time Inc.,* 83 F.R.D. 455, 460 (E.D.Cal. 1979), *aff'd,* 710 F.2d 549 (9th Cir.1983).

**1140**

and seek to persuade the district court that a non-diverse defendant was fraudulently joined. *See McCabe v. General Foods Corp.,* 811 F.2d 1336, 1339 (9th Cir.1987). "[I]n most cases, fraudulent joinder involves a claim against an in-state defendant that simply has no chance of success, whatever the plaintiff's motives." *Poulos v. Naas Foods, Inc.,* 959 F.2d 69, 73 (7th Cir.1992). "If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." *Id.* "Under such circumstances, the court may disregard the joinder and retain jurisdiction." *Lewis v. Time Inc.,* 83 F.R.D. 455, 460 (E.D.Cal.1979), *aff'd,* 710 F.2d 549 (9th Cir.1983).

A joinder is fraudulent if there is no intention to get a joint judgment, and there is no colorable ground for so claiming. *Lewis,* 83 F.R.D. at 460. A "colorable" claim against a non-diverse defendant bars removal under the fraudulent joinder doctrine; "doubtful questions" of law must be determined in state court. *See Smith v. Southern Pacific Co.,* 187 F.2d 397, 401–02 (9th Cir. 1951); *see also McCabe,* 811 F.2d at 1339. Thus, "it must appear to 'a near certainty' that joinder of [Donoyan] was fraudulent." *Bennett v. Allstate Ins. Co.,* 753 F.Supp. 299, 302 (N.D.Cal.1990) (quoting *Lewis,* 83 F.R.D. at 466).

"While issues of liability may not ordinarily be determined on a motion to remand, it is well settled that upon allegations of fraudulent joinder designed to prevent removal, federal courts may look beyond the pleadings to determine if the joinder, although fair on its face, is a sham or fraudulent device to prevent removal." *Smoot v. Chicago, Rock Island & Pacific Railroad Co.,* 378 F.2d 879, 881–82 (10th Cir.1967). Thus, the court may "pierce the pleadings, consider the entire record, and determine the basis of joinder by any means available." *Dodd v. Fawcett Publications, Inc.,* 329 F.2d 82, 85 (10th Cir.1964). The defendant seeking removal is entitled to present facts showing that the joinder is fraudulent. *McCabe v. General Foods Corp.,* 811 F.2d 1336, 1339 (9th Cir.1987). The district court, however,

must resolve all disputed questions of fact in favor of the non-removing party. *Dodson v. Spiliada Maritime Corp.,* 951 F.2d 40, 42 (5th Cir.1992). Doubt arising from inartful, ambiguous, or technically defective pleadings should be resolved in favor of remand. *Lewis,* 83 F.R.D. at 460. "[O]rdinarily a fraudulent joinder claim must be capable of summary determination." *Id.*

## 2. Analysis

Plaintiff's complaint alleges three causes of action: (1) breach of contract; (2) fraud; and (3) bad faith. In all three causes of action, Plaintiff alleges that "defendant Donoyan failed to advise plaintiff properly with regard to her uninsured motorist benefits and failed to obtain the required waiver pursuant to the Insurance Code and thereby assisted defendant Allstate in perpetrating the herein alleged fraud, breach of contract, and acts of bad faith." Complaint ¶¶ 11, 17, 25. In addition, Plaintiff argues that "Donoyan functioned as Charlin's agent," and that the failure of "Donoyan to advise plaintiff that she had no uninsured motorist coverage or to secure a waiver of said coverage *during renewal* forms the basis of a colorable claim against Donoyan." Mot. at 7–8 (emphasis added). Plaintiff's contentions are without merit. Plaintiff cannot state a colorable against Donoyan for three reasons:

### a. Donoyan Was Not Plaintiff's Agent

Plaintiff cannot state a colorable claim against Donoyan because Donoyan was not Plaintiff's agent. In such circumstances, Donoyan owed Plaintiff no duty.

First, Plaintiff's complaint does not allege that Donoyan functioned as her agent. Instead, Plaintiff's complaint specifically alleges that "*defendants* and each of them, *were* the *agents and employees of each of the remaining defendants,* and were at all times acting within the course and scope of said agency and employment...." Complaint ¶ 3 (emphasis added). In addition, Plaintiff's complaint does not allege that Donoyan was a dual agent acting beyond his capacity for

Allstate.[2] Specifically, Plaintiff does not allege that Donoyan is an independent broker or that she had a long-term relationship with Donoyan. Thus, Plaintiff's contention in the Motion that Donoyan was acting as her agent is without merit.

Plaintiff cites *Eddy v. Sharp*, 199 Cal. App.3d 858, 865–66, 245 Cal.Rptr. 211 (1988), for the proposition that " 'where the agency relationship exists, there is not only a fiduciary duty but an obligation to use due care' ... including the duty 'to accurately inform the (insured) of the policy provisions.' " Plaintiff's reliance on *Eddy* is misplaced. In *Eddy*, the Eddys sued their insurance agent, Sharp, and his agency for not providing the coverage Sharp represented they would have in his proposal and cover letter. Sharp was a licensed independent insurance agent who represented numerous insurance companies. Sharp submitted an insurance proposal and cover letter to the Eddys recommending a particular policy from the Great American Insurance Company. The court stated that "if an insurance agent is the agent for several companies and selects the companies with which to place the insurance or insures with one of them according to directions, the insurance agent is the agent of the insured." *Id.* at 865, 245 Cal.Rptr. 211. Moreover, the court held that "Sharp's duty to the Eddys arose because Sharp undertook to prepare an insurance proposal for the Eddys to review prior to purchasing a policy of insurance. Sharp thus came under a duty of care to accurately inform the Eddys of the policy's provisions." *Id.* at 866, 245 Cal.Rptr. 211.

In *Eddy*, Sharp was the insureds' agent because he was an independent broker who selected the insurance company for the Eddys and because he submitted the proposal outlining the coverage he was recommending. In the instant case, however, Donoyan did not select Allstate as the one company among many for Plaintiff to insure with, nor did he undertake to prepare any proposals for Plaintiff. Thus, *Eddy* is distinguishable from the instant action. The Court concludes that Donoyan was not Plaintiff's agent. Accordingly, Plaintiff cannot state a colorable claim against Donoyan.

### b. No Duty As Allstate's Agent or Plaintiff's Agent

■ Even if Donoyan were Plaintiff's agent, Plaintiff could not state a colorable claim against him because Donoyan owed no duty to advise Plaintiff that she had no uninsured motorist coverage or to secure a waiver of said coverage during renewal.

California Insurance Code § 11580.2(a)(1) provides:

> No policy of bodily injury liability insurance covering liability arising out of the ownership, maintenance, or use of any motor vehicle ... shall be issued or delivered in this state to the owner or operator of a motor vehicle ... unless the policy contains, or has added to it by endorsement, a provision with coverage limits at least equal to the limits specified in subdivision (m) and in no case less than the financial responsibility requirements specified ... insuring the insured .... The insurer and any named insured, prior to or subsequent to the issuance or renewal of a policy, may, by agreement in writing ... delete the provision covering damage caused by an insured motor vehicle completely.... Any of these agreements by any named insured or agreement for the amount of coverage shall be binding upon every insured to whom the policy or endorsement provisions apply while the policy is in force, and shall continue to be so *binding with respect to any continuation or renewal of the policy* or with respect to any other policy which extends, changes, supersedes, or replaces the policy issued to the named insured by the same insurer....

Cal.Ins.Code § 11580.2(a)(1) (emphasis added).

---

**2.** Dual agents are "those who act as agent for both the insured and the insurance company." *Good*, 5 F.Supp.2d 804, 807. In California, a 'dual agent' theory requires that the insurance agent act on behalf of the insured in some way beyond his or her capacity as an agent for the insurer. An insurance agent cannot be a 'dual agent' unless he or she is either an independent broker or has a long-term, special relationship with the insured. *Id.* at 807.

"The general duty of reasonable care which an insurance agent owes his client does not include the obligation to procure a policy affording the client complete liability protection." *Jones v. Grewe,* 189 Cal.App.3d 950, 956, 234 Cal.Rptr. 717 (1987). "The mere existence of such a relationship imposes no duty on the agent to advise the insured on specific insurance matters." *Id.* "An agent may point out to [the insured] the advantages of additional coverage and may ferret out additional facts from the insured applicable to such coverage, but he is under no obligation to do so; nor is the insured under an obligation to respond." *Id.* at 954, 234 Cal.Rptr. 717. "[I]n the absence of an express agreement to ensure adequate coverage, a holding out by the agent to assume greater duties otherwise implied in the agency relationship, [or an agent misrepresenting the policy's terms or extent of coverage], the onus is thus squarely on the insured to inform the agent of the insurance he requires." *Paper Savers, Inc. v. Nacsa,* 51 Cal.App.4th 1090, 1096, 59 Cal.Rptr.2d 547 (1996).

The evidence reflects that Plaintiff "obtained her Allstate automobile insurance before her account was transferred to Donoyan Insurance Agency." Declaration of Avedis Donoyan ¶ 3. Thus, Donoyan was not the original agent involved in the waiver/nonwaiver of UM coverage when Plaintiff took over her deceased husband's policy. Donoyan Declaration ¶ 5. In addition, Donoyan had no duty to procure another waiver from Plaintiff during renewal because any coverage or waiver under § 11580.2(a)(1) is automatically binding to any continuation or renewal of the policy. *See* Cal.Ins.Code § 11580.2(a)(1).

For these reasons, even if Donoyan were the original agent or acted as Plaintiff's agent, he was under no obligation to advise Plaintiff that her UM coverage was inadequate or to obtain a waiver from her. Thus, Plaintiff cannot state a colorable claim against Donoyan even if he were Plaintiff's agent.

**c. Disclosure of Donoyan as Defendant's Agent**

Finally, the Court concludes that Plaintiff cannot state a colorable claim against Donoyan because Donoyan was a disclosed agent of Allstate.

Liability to the insured "for acts or contracts of an insurance agent within the scope of his agency, with a full disclosure of the principal, rests on the company." *Good v. Prudential Ins. Co. of America, et al.,* 1998 WL 244597 at *2 (N.D.Cal.1998) (citing *Lippert v. Bailey,* 241 Cal.App.2d 376, 382, 50 Cal.Rptr. 478 (1966)). Moreover, "it is settled law that an insurance agent acting within the course and scope of his employment cannot be held liable for damages resulting from a negligent failure to insure." *Id.* (citing *Gasnik v. State Farm Ins. Co.,* 825 F.Supp. 245, 249 (E.D.Cal.1992)).

In this case, Plaintiff's complaint specifically alleges that Defendants, including Donoyan, "were at all times acting within the course and scope of said agency and employment...." Complaint ¶ 3. Thus, even if Donoyan had a duty to inform Plaintiff of her uninsured motorist benefits and obtain the waiver from her, he cannot be held liable for damages resulting from a negligent failure to advise or obtain the waiver. Responsibility for Donoyan's actions lies with Defendant because Donoyan acted, or failed to act, within the course and scope of his employment.

Thus, the Court finds that there is no colorable claim against Donoyan.[3]

### III. Conclusion

For these reasons, the Court finds that there is no colorable claim against Donoyan and that the joinder was therefore fraudulent. Plaintiff's Motion to Remand is DENIED.

**SO ORDERED.**

---

**3.** The Court notes that the existence of Doe Defendants is of no consequence. Under 28 U.S.C. § 1441(a), the citizenship of defendants sued under fictitious names is disregarded for purposes of removal. Accordingly, the Court need not consider the citizenship of any unidentified parties in determining the fraudulent joinder issue.