Phil LEVINE, Plaintiff,

v.

**ALLMERICA FINANCIAL LIFE INSURANCE & ANNUITY COMPANY; Seymour V. Prell; SMA Life Assurance Company, Defendants.**

No. CV 99–000153–CAS(BQRx).

United States District Court,
C.D. California,
Western Division.

Feb. 9, 1999.

Gianelli & Morris, Timothy J. Morris, Sally Agel, Los Angeles, CA, for Phil Levine.

Barger & Wolen LLP, Thomas B. Ackland, Sasha L. Ransom, Los Angeles, CA, for Allmerica Financial Life Ins and Annuity Co.

Arter & Hadden LLP, Paul D. Heese, Los Angeles, CA, for Seymour V. Prell.

## ORDER RE: DEFENDANT SEYMOUR v. PRELL'S MOTION TO DISMISS

SNYDER, District Judge.

### I. *Introduction*

Plaintiff Phil Levine, a citizen of California, owns a life insurance policy issued by defendant Allmerica Financial Life Insurance & Annuity Co. ("Allmerica"). Defendant SMA Life Assurance Co. ("SMA") was the predecessor company of Allmerica. Defendant Seymour V. Prell ("Prell") was the insurance agent that sold the policy to plaintiff.

On November 23, 1998, plaintiff filed suit in Los Angeles Superior Court, alleging: (1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing; (3) fraud; (4) negligent misrepresentation; (5) breach of fiduciary duties; and (6) violations of California Business and Professions Code. Prell is named as a defendant in claims 3, 4 and 5.

On January 7, 1999, defendants timely removed to this Court, on the basis of diversity of citizenship, pursuant to 28 U.S.C. § 1441. Defendants acknowledge that defendant Seymour Prell is a citizen of California and, therefore, nondiverse from plaintiff. However, defendants assert that Prell is a fraudulent or sham defendant and, accordingly, the Court may disregard him in finding diversity. Prell brings the instant motion to dismiss, pursuant to Fed.R.Civ.P. 12(b)(6), for failure to state a claim against him.

### II. *Factual Background*

In his complaint, plaintiff alleges that in 1984 he purchased a Universal Life Insurance policy from SMA which was later assumed by Allmerica. Plaintiff further alleges that the agent that sold him the policy, Prell, assured him that the initial lump sum premium payment would be the full extent of his out-of-pocket expenses. Subsequent to his purchase of the policy, plaintiff alleges that Allmerica informed him that he was required to pay annual premiums to prevent the policy from lapsing and that these premiums would increase steeply as he got older. Plaintiff claims that Prell deliberately misrepresented the true costs of the policy in order to persuade him to purchase it and that he has suffered damages as a result.

### III. *Jurisdiction*

#### A. *Standard to Determine Jurisdiction*

Defendants removed this action to this Court on the basis of diversity of citizenship, despite the fact that one of the defendants, Prell, is nondiverse from plaintiff. Before this Court may act on defendant Prell's motion to dismiss, the Court must first determine whether it has subject matter jurisdiction over the action. *See McCabe v. General Foods Corp.,* 811 F.2d 1336, 1339 (9th Cir.1987).

"If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." *Id.* If the Court finds fraudulent joinder of the nondiverse defendant, it may disregard that defendant in determining complete diversity to establish subject matter jurisdiction. *See Farias v. Bexar County Bd. of Trustees,* 925 F.2d 866, 871 (5th Cir. 1991); Schwarzer, Tashima & Wagstaffe, Cal.Prac. Guide: Fed.Civ.Pro. Before Trial ¶ 2:670 (The Rutter Group 1998).

The Court need not inquire into plaintiff's motives in joining a nondiverse defendant. "[T]he question is simply whether there is *any possibility* that plaintiff will be able to establish liability against the party in question." Schwarzer, *supra,* ¶ 2:672 (citing *Lewis v. Time. Inc.,* 83 F.R.D. 455, 460 (E.D.Cal.1979), *aff'd* 710 F.2d 549 (9th Cir.1983)). *See also Dodson v. Spiliada Maritime Corp.,* 951 F.2d 40, 42 (5th Cir.1992) ("We do not decide whether the plaintiff will actually or even probably prevail on the merits, but look only for a possibility that he may do so."). Given the presumption against removal jurisdiction, disputed questions of fact should be decided in favor of the nonremoving party. *See Good v. Prudential*

*Ins. Co. of America,* 5 F.Supp.2d 804, 806 (N.D.Cal.1998); *Green v. Amerada Hess Corp.,* 707 F.2d 201, 204 (5th Cir.1983) *See also* Schwarzer, *supra,* ¶ 2:685.

### B. *Possible Liability of Nondiverse Defendant*

 Generally, an agent is not liable for acts done within the scope of his agency, if he has fully disclosed the identity of the principal for whom he acts. *See Lippert v. Bailey,* 241 Cal.App.2d 376, 382, 50 Cal.Rptr. 478 (1966). However, under certain circumstances, an insurance agent may be liable to an insured for his wrongful acts, even if the principal has been fully disclosed. For example, an agent may be liable for misrepresenting the extent or nature of coverage, or if the agent holds himself out as having expertise in the area of insurance sought by the insured. *See Fitzpatrick v. Hayes,* 57 Cal.App.4th 916, 67 Cal.Rptr.2d 445, 452 (1997).

 If an insurance agent is a dual agent, as is alleged in plaintiff's complaint, that agent owes a duty to both the insurer and the insured. Consequently, the agent may be liable to the insured for negligence or other tortious behavior even if committed within the scope of his role as an agent of the fully disclosed insurer. *See Kurtz, Richards, Wilson & Co. v. Insurance Communicators Marketing Corp.,* 12 Cal. App.4th 1249, 16 Cal.Rptr.2d 259, 263 (1993). The determination of whether dual agency exists is a question of fact. *See id.; Lippert,* 241 Cal.App.2d at 383, 50 Cal. Rptr. 478.

 Defendant Prell asserts that there is no possibility that plaintiff can assert a claim against him because, in selling the policy to plaintiff, he was acting within the scope of his agency with the insurer. Prell also asserts that plaintiff's bald allegation that Prell was a dual agent is not sufficient to establish the possibility of dual agency. In support of this assertion, Prell cites *Good, supra.* In *Good,* the court found

that the nondiverse insurance agent in a negligent misrepresentation case was a sham defendant and therefore denied plaintiff's motion to remand the case to state court. In arguing for remand, the plaintiff asserted that the complaint contained allegations which, if proved, would establish the nondiverse agent's dual agency status. The court, however, found that the complaint did not adequately allege facts which could lead to a conclusion that the agent was a dual agent. The court stated that:

> Under California law, a "dual agent" theory requires that the insurance agent act on behalf of the insured in some way beyond his or her capacity as an agent for the insurer. An insurance agent cannot be a "dual agent" unless he or she is either an independent broker or has a long-term, special relationship with the insured. Nothing in the complaint indicates that [the agent] was an independent broker or that she had a long-term relationship with [plaintiff].

*Good,* 5 F.Supp.2d at 808 (citations omitted).

The *Good* court went on to note that "[f]urthermore, [plaintiff] alleges that 'each of the defendants was the agent and employee of each of the remaining defendants, and in doing the things hereinafter alleged, was acting within the scope of such agency.'" *Id.* In the instant case, plaintiff does not allege that Prell was acting at all times within the scope of his agency as to the insurer, but rather, alleges that Prell was a dual agent. *See* Compl. at ¶ 26.

The Court finds that plaintiff has adequately alleged Prell's status as a dual agent to raise the possibility of liability. Because the determination of dual agency status is a question of fact, and because all questions of fact must be decided in favor of the nonremoving party, the Court hereby determines that Prell is not a fraudulent or sham defendant.[1] Consequently,

---

1. Prell also cites to *Gasnik v. State Farm Ins. Co.,* 825 F.Supp. 245 (E.D.Cal.1992) in which the Court found that nondiverse insurance agents were sham defendants. The Court finds that the holding in *Gasnik* is not control-

because there is a lack of total diversity of citizenship, this Court does not have jurisdiction over this matter and may not decide Prell's motion to dismiss. Lacking subject matter jurisdiciton, the Court hereby remands this action to Los Angeles Superior Court, pursuant to 28 U.S.C. § 1447(c).

ling. In that case, the court relied on "State Farm's express agreement to accept responsibility for the acts of [nondiverse defendant agents] regardless of whether their acts were within or beyond the course and scope of employment." *Id.* at 249. There is no such agreement in evidence here.