Albert **BRIANO**, Plaintiff,

v.

**CONSECO LIFE INSURANCE CO., et al., Defendants.**

**No. EDCV 00–747 RT(CTX).**

United States District Court, C.D. California.

Dec. 28, 2000.

Ronald N. Sarian, Astor & Phillips, Los Angeles, CA, for plaintiff.

Marc J. Wodin, Law Offices of Marc J. Wodin, Woodland Hills, CA, for defendants Conseco Life Insurance Co. and Philadelphia Life Insurance Co.

ORDER (1) GRANTING PLAINTIFF'S MOTION FOR REMAND PURSUANT TO 28 U.S.C § 1447(c) AND (2) REMANDING THE ACTION TO THE SUPERIOR COURT OF THE STATE OF CALIFORNIA FOR THE COUNTY OF SAN BERNARDINO.

TIMLIN, District Judge.

The court, the Honorable Robert J. Timlin, has read and considered plaintiff Albert Briano ("Plaintiff")'s motion (the "Motion") for remand pursuant to 28 U.S.C. § 1447(c) ("Section 1447(c)"), defendants Conseco Life Insurance Co. and Philadelphia Life Insurance Co. ("Defendant's")'s opposition, and Plaintiff's reply.

# I.

## BACKGROUND

Plaintiff filed a complaint (the "Complaint") in the Superior Court of the State of California for the County of San Bernardino County—Rancho Cucamonga District.

In the Complaint, Plaintiff alleges five state law-based causes of action, including a cause of action titled "Negligence" against Gorham Insurance Services, Inc. ("Gorham"). All five causes of action relate to the cancellation of a life insurance policy which was purchased through Gorham, an insurance agent and/or broker, and issued by Defendants. Plaintiff alleges that Gorham, "as Plaintiff's insurance agent and/or broker owed Plaintiff a duty of care in the administration and processing of the Policy." Plaintiff further alleges that Gorham was:

> "negligent in performance of [its] duties as Plaintiff's agent and/or broker for the Policy through [its] failure, after receipt of notice, to: (a) advise and warn Plaintiff that the Policy may lapse; (b) advise and warn Plaintiff that the Policy was in default, (c) advise and warn Plaintiff that the Policy was going to lapse if Plaintiff did not make an additional premium payment, (d) advise and warn Plaintiff to timely contact the life insurance company to reinstate the Policy, and (e) advise and warn Plaintiff that he made the incorrect premium payment." Complaint at ¶ 34.

With respect to Gorham's relationship to Defendants, Plaintiff includes the following boilerplate agency allegation:

> Plaintiff is informed and believes, and thereon alleges, that each Defendant was acting as the agent, assignee, successor, partner, employee and co-joint venturer of each of the other Defendants, and at all times herein alleged was acting within the course and scope of said agency, partnership, employment, agreement and joint venture, and with the knowledge authorization and ratification of each of the other Defendants.

Complaint at ¶ 5.

Defendants subsequently removed the action to this court. Gorham did not join in removal.

# II.

## ANALYSIS

Section 1447(c) provides that: "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." The subject matter jurisdiction of the district court is not a waivable matter and may be raised at anytime by one of the parties, by motion or in the responsive pleadings, or sua sponte by the trial or reviewing court. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1194 n. 2 (9th Cir.1988). The court strictly construes the removal statute against removal jurisdiction; federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.1992).

Jurisdiction in this case is based exclusively on diversity of citizenship pursuant to 28 U.S.C. § 1332. It is a long-standing rule that for diversity jurisdiction to apply, all plaintiffs must be of different citizenship than all defendants. *See Strawbridge v. Curtiss*, 7 U.S. (3 Cranch.) 267, 2 L.Ed. 435 (1806). The "strong presumption" against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper. *Nishimoto v. Federman–Bachrach & Assocs.*, 903 F.2d 709, 712 n. 3 (9th Cir.1990).

Here, both Gorham and Plaintiff are domiciled in California. Defendants contend however, that Gorham should not be considered for diversity purposes because it was "fraudulently joined."

### A. Fraudulent Joinder Standard

Fraudulently joined defendants will not defeat diversity jurisdiction. *See*

*Ritchey v. Upjohn Drug Co.,* 139 F.3d 1313, 1318–19 (9th Cir.1998). "But, [f]raudulent joinder is a term of art. If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." *Id.* (internal quotations omitted). The Ninth Circuit provided the following guidance to the district courts:

> [i]n deciding whether a cause of action is stated we have declared that we will look only to a plaintiff's pleadings to determine removability. And, we have commented that we will determine the existence of federal jurisdiction solely by an examination of the plaintiff's case, without recourse to the defendant's pleadings. At least that is true when there has not been a fraudulent joinder. Where fraudulent joinder is an issue, we will go somewhat further. The defendant seeking removal to the federal court is entitled to present the facts showing the joinder to be fraudulent. *Id.* (internal quotations omitted)

■ In addition, it does not have to be shown that the joinder was for the purpose of preventing removal. Rather the question is simply whether there is any possibility that plaintiff will be able to establish liability against the party in question. *See Dodson v. Spiliada Maritime Corp.,* 951 F.2d 40, 42 (5th Cir.1992).

Finally, Defendants have the burden of demonstrating fraudulent joinder. *See Delgado v. Shell Oil Co.,* 231 F.3d 165, 178 (5th Cir.2000); *Crowe v. Coleman,* 113 F.3d 1536, 1538 (11th Cir.1997); *Alexander v. Electronic Data Sys. Corp.,* 13 F.3d 940, 949 (6th Cir.1994); *Marshall v. Manville Sales Corp.,* 6 F.3d 229, 232–33 (4th Cir.1993); *Poulos v. Naas Foods, Inc.,* 959 F.2d 69, 73 (7th Cir.1992); *Boyer v. Snap-On Tools Corp.,* 913 F.2d 108, 111 (3rd Cir.1990).[1]

## B. Application

■ Defendants first contend that Gorham is a "fraudulently joined" party because "under California Law, an insurance agent's only affirmative duty to the insured is to obtain the requested insurance. He has no duty to advise the insured on other matters related to the insurance." Second, Defendants contend that Plaintiff cannot state a claim against Gorham because "under California law, where the plaintiff alleges that an insurance agent was agent for the insurer, acting in the scope of his employment, there is no cause of action against the agent." The court concludes, however, that both contentions are premised upon a misinterpretation of California law, and therefore remand is required.

### 1. Duty

Defendants cite three cases in support of their contention that an insurance agent's only affirmative duty to the insured is to obtain the requested insurance. None of the three cases support this interpretation of California law as each deals with an insurance agent's duty to advise the insured respecting policy coverage and the amount of coverage the insured should obtain.

For example, in *Jones v. Grewe,* 189 Cal.App.3d 950, 954, 234 Cal.Rptr. 717 (1987), the plaintiffs alleged that their agents "breached [their] duty when they failed to provide appellants with liability insurance sufficient to protect [Plaintiffs'] personal assets." *Id.* at 953, 234 Cal.Rptr. 717. The court of appeals affirmed the trial court's dismissal of the negligence cause of action, concluding that "[a]n agent may point out to [the insured] the advantages of additional coverage and may ferret out additional facts from the insured applicable to such coverage, but he is under no obligation to do so; nor is the

---

1. Placing this burden on the party asserting fraudulent joinder is clearly consistent with the rule requiring that the burden of demonstrating that removal is proper be placed on the removing party. *See Nishimoto,* 903 F.2d at 712 n. 3.

insured under an obligation to respond." *Id.* at 954, 234 Cal.Rptr. 717.

Unlike the issue in *Grewe,* Plaintiff in this case does not contend that Gorham was negligent in failing to advise him as to the appropriate amount of coverage. He alleges that Gorham was negligent in administration of the Policy.

The two other cases cited by Defendants are similarly inapposite as they are factually similar to, and rely upon *Grewe. See Charlin v. Allstate Ins. Co.,* 19 F.Supp.2d 1137, 1141–42 (C.D.Cal.1998) (following *Grewe* and concluding, in part, that remand would be inappropriate because "Plaintiff could not state a colorable claim against [the agent] because [the agent] owed no duty to advise Plaintiff that she had no uninsured motorist coverage or to secure a waiver of said coverage during renewal."); *Sipes v. Equitable Life Assurance Society of United States,* 1996 WL 507308, *6 (N.D.Cal.1996) (following *Grewe* and granting summary judgment for insurance agent, concluding agent had no duty to obtain the "best possible coverage in regards to terms, premiums and types of insurance, and to inform [the insured] of facts material to the life annuities contracts.").

The issue whether an individual's insurance agent has a duty to administer its clients' policies, or more specifically to warn its clients that their policies may lapse appears to be one of first impression for California courts. The California Court of Appeals came close to addressing it in a case not cited by either party. In *Kotlar v. Hartford Fire Ins. Co.,* 83 Cal. App.4th 1116, 100 Cal.Rptr.2d 246 (2000), the plaintiff contended that an "insurance broker owes a duty of care to a named insured to provide the named insured with notice of the insurer's intent to cancel the policy for nonpayment of premiums." *Id.* at 1123, 100 Cal.Rptr.2d 246. The court declined to create such a duty. *See id.* It reasoned that because California Insurance Code § 677.2 ("Section 677.2") "imposes a duty on the insurer to notify the named insureds of its intent to cancel the policy [there is] no purpose in judicially imposing such a duty on a broker." *Id.* The reasoning of *Kotlar* does not apply to the case at bar, however, because the Section 677.2 duty only applies to commercial insurance policies, and there appears to be no similar statutory provision governing non-commercial life insurance policies.[2]

■■■ "Whether a duty of care exists is a question of law for the court. Also, whether, and the extent to which, a new duty is recognized is ultimately a question of public policy." *See Grewe,* 189 Cal. App.3d at 954, 234 Cal.Rptr. 717 (citations omitted). The existence of a duty "must be decided by the court on a case-by-case basis." *Dutton v. Pacifica,* 35 Cal.App.4th 1171, 1175, 41 Cal.Rptr.2d 816 (1995). It clearly would be inappropriate for this court in the context of a motion for remand to examine California public policy and determine whether California courts would be willing to recognize a new duty on non-commercial insurance brokers. *See McCabe v. General Foods Corp.,* 811 F.2d 1336, 1339 (9th Cir.1987) (holding that the defendant seeking removal must demonstrate that it **"is obvious according to settled law of the state"** that plaintiffs have failed to state a cause of action against the defendant.) (emphasis added).

*2. Agency*

■■■ Defendants correctly identify the black-letter California rule that "where

---

2. The court notes that the court in *Kotlar* went on to reason that "[f]urthermore, the relationship between an insurance broker and its client is not the kind which would logically give rise to such a duty. The duty of a broker, by and large, is to use reasonable care, diligence, and judgment in procuring the insurance requested by its client." *Kotlar,* 83 Cal. App.4th at 1123, 100 Cal.Rptr.2d 246. The court recognizes that this broad principle would be equally applicable in a non-commercial context. But it is unclear whether, assuming arguendo that Section 677.2 did not exist, this principle would independently support the court of appeals' conclusion that a broker has no duty to its client to competently administer the client's insurance policy.

the agent contracts in the name of the insurer and does not exceed that authority, the insurer is liable, and not the agent." *See Kurtz, Richards, Wilson & Co., Inc. v. Ins. Communicators Mktg. Corp.,* 12 Cal. App.4th 1249, 1257–58, 16 Cal.Rptr.2d 259 (1993). But it is an equally established rule that "[i]f a dual agency exists, the law does not foreclose recovery by the insured." *Id.* at 1258, 16 Cal.Rptr.2d 259; *see also Levine v. Allmerica Fin. Life Ins. & Annuity Co.,* 41 F.Supp.2d 1077, 1079 (C.D.Cal.1999); *Smith v. New England Mutual Life Ins. Co.,* 1998 WL 775124, *1 (N.D.Cal.).

Here, Plaintiff has alleged that Gorham was "Plaintiff's agent and/or broker," *see* Complaint at ¶ 34, and that "each Defendant was acting as the agent, assignee, successor, partner, employee and co-joint venturer of each of the other Defendants." *See* Complaint at ¶ 5. These allegations, if proven, are consistent with a conclusion that Gorham was a dual agent and therefore do not defeat Plaintiff's negligence claim.

Defendants cite a number of district court cases which they contend support removal jurisdiction based on diversity in this case. In *Griffin v. Allstate Ins. Co.,* 1995 WL 1036750 (C.D.Cal.1995), the court concluded that removal was proper. *See id.* at *1. It reasoned that because the plaintiffs alleged that the insurance agent was acting at all times in the scope of his agency, only the insurance company could be liable for breach of fiduciary duty. *See id.* at *2. Finally it concluded that Plaintiff's "bare allegation" that the defendant insurance agent was also their agent was insufficient to support a claim. *See id.* at *2 n. 3. The *Griffin* decision is problematic for two reasons.

First, it appears from the *Griffin* court's citation to language from a pre-*Kurtz, Richards* case that does not recognize dual

agency, *Bennett v. Allstate Ins. Co.,* 753 F.Supp. 299, 303 (N.D.Cal.1990), that perhaps it is possible the *Griffin* court was unaware of California law respecting dual agency. *See Griffin,* 1995 WL 1036750 at *2 n. 3 (citing *Bennett,* 753 F.Supp. at 303, for the proposition that "[i]f Miller were held to be the Benetts' [sic.] fiduciary, he would have to place their interests not only before his own, but before his employer as well. But such a scenario plainly runs afoul of the long-standing axiom that 'an agent may not compete with the principal, nor may he or she act as an agent for another whose interests conflict with those of the principal.' ").[3]

Second, the court in *Griffin* fails to explain the propriety of simply sweeping away a plaintiff's allegation of agency. To the extent that the district court in *Griffin* holds that an express allegation of agency is insufficient at this stage of the proceedings, this court declines to follow it. *See e.g. Hartley v. CSX Transp., Inc.,* 187 F.3d 422, 426 (4th Cir.1999) (holding that a "slight" possibility of recovery ends the jurisdictional inquiry); *Batoff v. State Farm Ins. Co.,* 977 F.2d 848, 852 (3d Cir. 1992) (holding that inquiry into validity of complaint is more searching under Fed. R.Civ.P. 12(b)(6) than when party claims fraudulent joinder).

The other cases cited by Defendants either do not differ greatly from *Griffin* in the treatment of this issue or recognize the "dual agency" exception to the general rule (and conclude that dual agency was insufficiently alleged). *See Kuebler v. Allstate Ins. Co.,* 1998 WL 596733 (C.D.Cal.) (concluding that joinder was fraudulent without discussing dual agency); *Charlin v. Allstate Ins. Co.,* 19 F.Supp.2d 1137, 1140–41 (C.D.Cal.1998) (concluding that joinder was fraudulent and reasoning, in part, that the plaintiff had failed to allege

---

**3.** This apparent failure to recognize dual-agency seems particularly unusual in light of the *Griffin* court's citations to *Kurtz, Richards* and *Lippert v. Bailey,* 241 Cal.App.2d 376, 382, 50 Cal.Rptr. 478 (1966). *Lippert* expressly (in dicta) recognizes that an insured can recover against an insurance agent on a dual agency theory and *Kurtz, Richards* cites *Lippert* for that proposition. *See Kurtz, Richards,* 12 Cal.App.4th at 1257–58, 16 Cal. Rptr.2d 259; *Lippert,* 241 Cal.App.2d at 382–83, 50 Cal.Rptr. 478.

that the defendant was a dual agent acting beyond his capacity for Allstate, or that the defendant was an independent broker, or that defendant had a longstanding relationship with plaintiff); *Good v. Prudential Ins. Co. of America*, 5 F.Supp.2d 804 (N.D.Cal.1998) (concluding that joinder was fraudulent because plaintiff had failed to allege that the defendant was also his agent and noting that the defendant could not have been acting as a dual agent because "an insurance agent cannot be a 'dual agent' unless he or she is either an independent broker or has a long-term, special relationship with the insured.")[4]; *Duffy v. Allstate Ins. Co.*, 1997 WL 809639 (C.D.Cal.) (denying a Fed.R.Civ.P. 15(a) motion and reasoning that joinder of the insurance agent would be futile because it was alleged that all acts were taken in scope of agency (no discussion of dual agency)).[5]

As noted above, Defendants had the burden to demonstrate that Gorham is fraudulently joined. The court concludes, based on the foregoing analysis that Defendants have failed to satisfy that burden.

### III.

### DISPOSITION

ACCORDINGLY, IT IS ORDERED THAT:

(1) Plaintiff's motion for remand is GRANTED, and

(2) this action be REMANDED to the Superior Court of the State of California for the County of San Bernardino County—Rancho Cucamonga District.

---

4. The court notes that although the Defendants had the burden of demonstrating fraudulent joinder, they did not introduce evidence (contrary to Plaintiff's allegations) that Gorham is not an independent broker.

5. Defendants also cite *Cobarrubias v. Allstate Ins. Co.*, 1998 WL 656571 (C.D.Cal.1998) and *Campbell v. Allstate Ins. Companies*, 1995 WL 376926 (C.D.Cal.1995). These cases are inapposite as they were decided in the context of a motion to dismiss. *See Hartley*, 187 F.3d at 424; *Batoff*, 977 F.2d at 852 (3d Cir.1992) (holding that inquiry into validity of complaint is more searching under Fed.R.Civ.P. 12(b)(6) than when party claims fraudulent joinder).