JEFFREY S. WHITE, UNITED STATES DISTRICT JUDGE
Now before the Court is the motion to remand filed by Plaintiff Sandy Lim ("Plaintiff"). The Court finds this motion suitable for disposition without oral argument. Accordingly, the hearing set for August 24, 2018 is HEREBY VACATED. See N.D. Cal. Civil L. R. 7-6. Having carefully reviewed the parties' papers and considered their arguments and the relevant legal authority, the Court hereby GRANTS Plaintiff's motion to remand and HEREBY REMANDS this action to the Superior Court of the State of California for the County of San Francisco ("San Francisco Superior Court").
*957 BACKGROUND
On May 14, 2018, Plaintiff filed a complaint in San Francisco Superior Court ("State Court Action") alleging four causes of action: breach of contract and breach of the covenant of good faith and fair dealing against defendant American General Life Insurance Company ("American Life") and negligence and negligent misrepresentation against defendant Gary Hong ("Hong") as an individual in his capacity as a life insurance broker and/or agent.
This action arises from a shooting incident on June 14, 2017 at the San Francisco UPS facility where Plaintiff's late husband, Benson Louie, was shot and killed by another UPS employee. Following the killing, Louie's widow, Plaintiff Sandy Lim, submitted a life insurance claim to American Life under a $ 500,000 term-life policy (the "Policy") that Louie had purchased in 2003. American Life denied the claim and contended that the Policy had lapsed for non-payment of the premium just a few months before the shooting.
In the State Court Action, Plaintiff alleged that American Life wrongfully denied benefits because there was no valid cancellation of the Policy, but if the Policy had lapsed, defendant Hong, as the couple's licensed broker and/or agent, bears responsibility due to his negligence and negligent misrepresentations to Lim and her husband.
After defendant Hong filed an answer in the State Court Action, thereby declining to challenge the legal sufficiency of the allegations pending against him, defendant American Life removed to this Court and averred that defendant Hong was a fraudulently joined sham defendant and his California citizenship should be disregarded for the purposes of determining diversity jurisdiction. (Notice of Removal at 2, 4, 5-9.) Plaintiff now moves to remand this matter to the San Francisco Superior Court.
The Court shall address specific additional facts as necessary in its analysis.
ANALYSIS
A. Legal Standard.
While diversity jurisdiction under 28 U.S.C. section 1332 ordinarily requires complete diversity of the parties, removal is proper despite the presence of a non-diverse defendant when that defendant was fraudulently joined, in other words, where that defendant is merely a "sham" defendant. See Caterpillar Inc. v. Lewis , 519 U.S. 61, 68, 117 S.Ct. 467, 136 L.Ed.2d 437 (1996). In this circuit, if a plaintiff "fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." McCabe v. General Foods Corp. , 811 F.2d 1336, 1339 (9th Cir. 1987). A fraudulently joined non-diverse defendant will not defeat jurisdiction. Id. The party asserting the fraudulent joinder bears the burden of proof and remand must be granted unless the defendant can show that there is no possibility that the plaintiff could prevail on any cause of action it brought against the non-diverse defendant. See Levine v. Allmerica Fin. Life Ins. & Annuity Co. , 41 F.Supp.2d 1077, 1078 (C.D. Cal. 1999). "[T]he defendant must demonstrate that there is no possibility that the plaintiff will be able to establish a cause of action in state court against the alleged sham defendant." Good v. Prudential Ins. Co. of Am. , 5 F.Supp.2d 804, 807 (N.D. Cal. 1998). In accordance with this high standard, courts must resolve all issues of fact and all ambiguities of law in favor of the non-moving party when deciding whether there has been a fraudulently joined party in a given case. See *958 Morales v. Gruma , 2013 WL 6018040, at *3 (C.D. Cal. Nov. 12, 2013) (citing Dodson v. Spiliada Mar. Corp. , 951 F.2d 40, 42 (5th Cir. 1992).) "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Gaus v. Miles , 980 F.2d 564, 566 (9th Cir. 1992) (internal quotations omitted). "Courts should resolve doubts as to removability in favor of remanding the case to state court." Id.
B. Plaintiff's Motion to Remand is Granted.
Defendant American Life contends that Plaintiff improperly joined Gary Hong as an individual agent and/or broker for the sole purpose of destroying complete diversity. Specifically, American Life argues that Plaintiff fails to allege any factual or legal basis for a negligence or negligent misrepresentation claim alleged against Hong. Plaintiff contends that her allegations do support a reasonable possibility of valid claim against Hong, and thus Hong is not a sham defendant and remand is proper.
The Court finds that American Life has not demonstrated that under well-settled California law that Plaintiff could not possibly recover from Hong for negligence or negligent misrepresentation. Although as a general rule an insurance agent is not liable for acts done within the scope of his agency, California law does not preclude suit against an insurance agent who misrepresents the nature, extent or scope of coverage, or where there is a request or inquiry by the insured for a particular type or extent of coverage, or where the agent holds himself out as having special expertise. See Macey v. Allstate Property & Casualty Insurance Co. , 220 F.Supp.2d 1116, 1125-26 (N.D. Cal. 2002) (citing numerous California cases); see also Briano v. Conseco Life Ins. Co. , 126 F.Supp.2d 1293, 1296-98 (2000) (holding that remand was proper and dismissal of the agent as a sham defendant was improper in the life insurance context where insured made claims that the agent/broker was negligent in failing to advise insured that the policy was in default and was going to lapse without an additional premium payment).
Here, the complaint contains allegations that Hong had a longstanding relationship with Plaintiff's late husband as his insurance agent and/or broker and that Hong had represented that he "had special skill, knowledge, expertise and experience in the creation, management and maintenance of life insurance policies." (Complaint ¶ 6.) Plaintiff also alleges that Hong represented and assured the couple that he would procure the life insurance coverage on Louie's behalf and that "he would assist in the maintenance of said coverage." (Id. at ¶ 36.)
American Life has failed to meet its heavy burden to demonstrate that it is obvious under settled state law that Plaintiff cannot possibly prevail on her negligence and negligent misrepresentation claims against Hong.[1] Although the Court makes no determination about whether the claims against Hong will ultimately be meritorious, construing the disputed facts in favor of the non-removing party, the Court cannot determine that California law conclusively precludes recovery against him. Accordingly, the Court does not deem Plaintiff's addition of Hong as a mere sham defendant. Because the presence of *959 the individual non-diverse defendant destroys diversity, the Court hereby GRANTS Plaintiff's motion to remand the matter to the Superior Court of the County of San Francisco.
CONCLUSION
For the foregoing reasons, the Court hereby GRANTS Plaintiff's motion to remand. The Clerk shall REMAND this matter to the Superior Court for the County of San Francisco forthwith for all further proceedings.
IT IS SO ORDERED.

American Life's new contention that the claims against Hong are time-barred is not well-taken. The statute of limitations begins to run when the cause of action, including suffering damages, accrues. See, e.g., Walker v. Pac. Indem. Co. , 183 Cal. App. 2d 513, 517, 6 Cal.Rptr. 924 (1960).